*Patel v. Long Island Univ.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 13th day of November, two thousand twenty-four.

PRESENT:
　　　　AMALYA L. KEARSE,
　　　　RICHARD J. SULLIVAN,
　　　　BETH ROBINSON,
　　　　　　*Circuit Judges.*

_____

SARSVATKUMAR PATEL,

　　　　　*Plaintiff-Appellant,*

　　　　v.                                          No. 23-7381

LONG ISLAND UNIVERSITY,

　　　　　*Defendant-Appellee.*

_____

**For Plaintiff-Appellant:** Sarsvatkumar Patel, *pro se*, Royersford, PA.

**For Defendant-Appellee:** Douglas P. Catalano, Stefanie R. Toren, Clifton Budd & DeMaria, LLP, New York, NY.

Appeal from an order of the United States District Court for the Eastern District of New York (Nicholas G. Garaufis, *Judge*) enforcing a settlement agreement.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the September 25, 2023 order of the district court is **AFFIRMED**.

Sarsvatkumar Patel, proceeding *pro se* after being represented by counsel below, appeals from the district court's order compelling enforcement of a settlement agreement entered into by Patel and his former employer, Long Island University ("LIU"), resolving his claims for retaliation in violation of Title VII of the Civil Rights Act, 42 U.S.C. §§ 2000e–2000e-17, New York Human Rights Law, N.Y. Exec. Law §§ 296–301, New York City Human Rights Law, N.Y.C. Admin. Code §§ 8-101–8-134, and the Family and Medical Leave Act, 29 U.S.C. §§ 2601–

2654. We assume the parties' familiarity with the underlying facts, procedural history, and issues on appeal.

At a virtual settlement conference before Magistrate Judge Sanket J. Bulsara in December 2021, the parties came to an oral agreement that Patel would execute a full release of his claims and withdraw his case in exchange for a sum of money from LIU. Although the conference was not transcribed or recorded, Judge Bulsara issued a short minute entry afterwards stating: "A settlement was reached. The parties shall file a stipulation of dismissal by 1/20/2022." Patel App'x at 9. Following this conference, Patel had second thoughts about the settlement agreement.

After another settlement conference yielded no resolution, LIU moved to enforce the oral agreement reached at the December 2021 conference.[1] Judge Bulsara issued a report recommending that LIU's motion be granted, which the district court adopted in its entirety over Patel's objections. This appeal followed.

---

[1] Patel argues for the first time on appeal that the district court violated his due process rights in ruling on LIU's motion because Judge Bulsara had made a minute entry after the follow-up settlement conference stating "[a] final resolution was not achieved." Patel App'x at 11. But this minute entry does not suggest that the parties had not reached a binding settlement; it simply documented that they had not resolved their dispute about their respective rights and obligations and that further proceedings were required.

We review the district court's findings of fact for clear error and conclusions of law *de novo*. *See Omega Eng'g, Inc. v. Omega, S.A.*, 432 F.3d 437, 443 (2d Cir. 2005). We also liberally construe Patel's *pro se* appellate brief to raise the strongest arguments it suggests, *see Pabon v. Wright*, 459 F.3d 241, 248 (2d Cir. 2006), but we do not do the same for his counseled submissions before the district court.

"A settlement agreement is a contract that is interpreted according to general principles of contract law." *Powell v. Omnicom*, 497 F.3d 124, 128 (2d Cir. 2007).[2] Patel concedes that the parties reached an oral agreement at the December 2021 settlement conference, but contends that they did not intend to be bound by that agreement until they executed a written instrument. To determine whether an oral agreement is binding, we look to four factors: "(1) whether there has been an express reservation of the right not to be bound in the absence of a writing; (2) whether there has been partial performance of the contract; (3) whether all of the terms of the alleged contract have been agreed upon; and (4) whether the agreement at issue is the type of contract that is usually committed to writing." *Winston v. Mediafare Ent. Corp.*, 777 F.2d 78, 80 (2d Cir. 1985). We have made clear

---

[2] We need not decide what law governs this dispute because "there is no material difference between [New York] law [and] federal common law" with regard to whether the parties reached a binding oral contract. *Ciaramella v. Reader's Dig. Ass'n, Inc.*, 131 F.3d 320, 322 (2d Cir. 1997).

that "[n]o single factor is decisive." *Ciaramella v. Reader's Dig. Ass'n, Inc.*, 131 F.3d 320, 323 (2d Cir. 1997).

The district court correctly concluded that the first *Winston* factor favors enforcement of the oral settlement agreement. Patel's expectation that the agreement would later be memorialized in writing does not alone evince an express – or even an implied – reservation of the right not to be bound absent a written agreement. *See R.G. Grp., Inc. v. Horn & Hardart Co.*, 751 F.2d 69, 74 (2d Cir. 1984). Rather, Patel must show "forthright, reasonable signals that [he] mean[t] to be bound only by a written agreement," *id.* at 75, which are absent here. To the contrary, the record reflects nothing more than "a change of heart." *Powell*, 497 F.3d at 129. Indeed, Patel candidly explains in his declaration that "[f]ollowing the conference, [he] did additional research," and spoke to his lawyer about confidentiality, which gave him pause concerning his "decision to agree to the monetary settlement." Patel App'x at 138. This factor therefore weighs in favor of finding that the parties intended to be bound by the oral agreement reached at the December 2021 settlement conference.

In contrast, the second factor – whether there was partial performance of the oral agreement – weighs somewhat against enforcement. When "one party has

5

partially performed, and that performance has been accepted by the party disclaiming the existence of an agreement," it may evince an intent to have been bound. *Ciaramella*, 131 F.3d at 325. But here, LIU did not pay Patel any amount of money, and Patel in turn did not execute a release or withdraw any of his claims. We held in *Attestor Value Master Fund v. Republic of Argentina*, 940 F.3d 825, 831 (2d Cir. 2019), that the second factor "weighs against" enforcement of an oral settlement agreement when a defendant did not make any payments to the plaintiff and the plaintiff did not withdraw the case. Accordingly, the district court's conclusion that the lack of partial performance rendered the second *Winston* factor "at best neutral," Patel App'x at 20, was in error. This factor weighs against enforcement of the oral agreement.

But the district court correctly concluded that the third factor – whether there were open material terms remaining after the oral settlement agreement was reached – favored enforcement. There is no dispute that the oral agreement covered the amount that Patel would be paid in exchange for the full release of his claims. Patel argues that the agreement did not cover all material terms because it omitted a confidentiality provision. But there is no evidence to suggest that confidentiality was a material "point" that the parties had identified at the

December 2021 conference or that it "remain[ed] to be negotiated" through the process of drafting a written instrument, such that neither side "wish[ed] to be bound until they synthesized a writing satisfactory to both sides in every respect." *Powell*, 497 F.3d at 130 (internal quotation marks omitted). Confidentiality was discussed only in passing at the settlement conference, and the parties entered into the agreement without including a confidentiality provision or identifying the issue as a material term for future resolution. The district court therefore correctly found that this factor weighs in favor of enforcement of the oral settlement agreement.

Finally, the fourth factor – whether the agreement would usually be reduced to writing – "is a closer question." *Id.* The parties do not dispute that the oral agreement was reached before Judge Bulsara and the fact of the agreement was recorded on the public docket in a minute entry. There was thus a "formal entr[y]" that ensured "the parties' acceptance [wa]s considered and deliberate." *Id.* at 131 (internal quotation marks omitted). More fundamentally, there was no clear error in the district court's determination that this agreement – a payment of a sum in exchange for a full release of claims – was not so complex as to normally require confirmation in writing. Accordingly, the district court did not err in determining

7

that this factor weighed only slightly in favor of enforcement.

In short, three of the four *Winston* factors favor enforcement of the oral settlement agreement. And while the second factor slightly weighs against enforcement, this does not overcome the weight of the other factors. Because "[t]he action contemplated under the settlement agreement" – the release of claims in exchange for payment – "was simple and would have been rapidly achieved," the lack of partial performance is "minimally probative." *In re Lehman Bros. Holdings Inc.*, 739 F. App'x 55, 59 (2d Cir. 2018). Indeed, the lack of partial performance was attributable to Patel's reneging on the otherwise enforceable oral agreement – not because the parties intended to wait for a formal writing before being bound. We therefore agree with the district court that a binding oral agreement to settle the case had been reached at the December 2021 conference. Consequently, the district court did not err in enforcing the settlement.

\* \* \*

We have considered Patel's remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the order of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

8